UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOHAMMED HOSSAIN,

               Plaintiff,

v.

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC., et al.,

               Defendants.

NO. C08-1487 MJP

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Marsha J. Pechman, United States District Judge:

This matter came before the Court on Plaintiff's motion for a temporary restraining order. (Dkt. No. 2.) The Court reviewed the motion, Defendants' response (Dkt. No. 10), Plaintiff's reply (Dkt. No. 13), and all materials submitted in support thereof, and then requested argument from the parties. After hearing argument on Tuesday, October 14, 2008, the Court GRANTED the motion. This Minute Order memorializes the Court's oral ruling.

(1) In granting injunctive relief, the Court maintains the status quo – the state of affairs that existed before the challenged behavior began. For eight years, Plaintiff was able to fulfill his prayer obligations in his workspace until the challenged prohibition took effect in May 2008.

(2) The Court further finds that Plaintiff has demonstrated a right to injunctive relief. See Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) ("[T]he moving party may meet its burden by

MINUTE ORDER - 1

demonstrating ... that serious questions are raised and the balance of hardships tips sharply in its favor."). Mr. Hossain raises serious questions concerning religious freedom and employment. The Court finds that the possible injury to Defendants, described in terms of a violation of office policy, is negligible compared to the possible harm to Mr. Hossain. Without injunctive relief, Defendants' prohibition would force Mr. Hossain to neglect either his religious obligations or his job responsibilities.

(3) Finally, the Court finds that Defendants have not offered Mr. Hossain a reasonable accommodation to fulfill his religious obligations. After prohibiting Mr. Hossain from praying at the workplace, Defendants offered no accommodation whatsoever. Mr. Hossain, on his own initiative, determined that he would leave work during his lunch hour to fulfill his noontime prayer obligations. Now that Mr. Hossain is formally challenging the prohibition, Defendants have stated that they will allow Mr. Hossain flexibility to leave the office up to three times a day to pray off-site. Based on the evidence on record, the Court finds this accommodation unreasonable because it negatively impacts Mr. Hossain's employment opportunities. Though Mr. Hossain's prayer sessions last fewer than ten minutes, the offered accommodation would require Mr. Hossain to be absent from the workplace for an extended period when he would otherwise be performing his job responsibilities.

Date: October 15, 2008

BRUCE RIFKIN, Clerk

By /s/ Mary Duett

Deputy Clerk

MINUTE ORDER - 2